Chancellor Harper
delivered the opinion of the Court.
The right of the wife to a settlement out of her separate property, which is subject to the jurisdiction of this Court, is too well settled to be questioned. As is said by Chancellor Kent, in Kenney v. Udal, 5 John. Ch. Rep. 464, “the wife’s equity attaches upon her personal property, when it is subject to the jurisdiction of this Court and is the object of the suit, into whatsoever hands it may have come, or in whatever manner it may have been transferred. The same rule applies, whether the application be by the husband, or his representatives or assignees, to obtain possession of the property, or whether it be by the wife or her trustee, or by any other person partaking of that character, praying for a provision out of that property.” An assignee, even for a valuable consideration, stands in the same situation with the husband, and is subject to the same equity, when he comes to seek for the wife’s property. Creditors of the husband have no interest whatever in the wife’s expectancy, not yet reduced into possession, and if they think proper to credit him on the faith of it, it is at their peril. The case of Elibank v. Montolieu, 5 Ves. 737, is one in which the bill of the wife was sustained against the husband and the administrator of an estate of whioh she was entitled to a distributive share, and who was also a creditor of the husband, and claimed to retain the fund for the satisfaction of his debt. But the Court, not questioning but that he might retain as against any right of the husband, held that he was in no better situation than the husband, and decreed a settlement. In Carr v. Taylor, 10 Ves. 574, a bill was sustained by the wife against an administrator and the assignees of a bankrupt husband. . If the husband obtains actual possession of the property, it is out of the reach of the Court; but while it is within the control of the Court, it will enforce the right of the wife.
But what the husband may be compelled to do by the Court, *he „ may certainly do of his own accord. He may make a settlement L & ü of his wife’s expectancy upon her, and creditors cannot impeach it. The Court, in directing settlement, generally, orders a reference to ascertain the proper settlement. But if the husband should assent, it would, as of course, order a settlement of the whole property, and creditors could not be heard to object to it. He may assign his wife’s legacy in the hands of the executor to a trustee for the wife’s separate use; and certainly I *390 suppose such a trustee might maintain a bill against the executor, for the benefit of the wife. But in equity, an assignment may be made on sufficient consideration, by parol merely. There can be no doubt but that the equity of the wife is a sufficient consideration; and I do not see how such an assignment of the wife’s legacy could be questioned. Notwithstanding the decision of the Court, in the case of Price v. White, (Carolina Law Jour. 297,) where a written settlement was actually executed, I do not perceive how any question could arise as to the necessity of recording such parol assignment. If the executor should pay over to such a trustee, it would still be the wife’s chose in action; which neither the husband nor creditors could touch without the aid of this Court or some Court of concurrent jurisdiction, and still subject to the wife’s equity, if they should attempt to reach it. And no prejudice could arise to creditors, by misleading them to credit the husband, on the appearance of property in his possession, if the trustee retained the money or any other property in his possession, and paid over the rents and profits to the wife. If he should permit chattels to go into the hands of the husband, this might, perhaps, be construed a surrender of the trust, and the marital rights attach upon them, so as to render them liable to creditors.
In this case, we are to regard the defendant, Slowman, as having assigned the legacy to the plaintiff. If the solicitor received the money merely as the agent of Slowman, then I think it is the same thing as if Slowman himself had recovered it, and he must be regarded as having reduced it into possession. But if, in consequence of an understanding between Slowman, his wife, and the plaintiff, he was directed to receive it, and pay it over to plaintiff for the separate use of the wife, this was, in effect, an assignment to plaintiff, and the solicitor’s receipt of the money was plaintiff’s receipt. To the plaintiff alone was the solicitor responsible for it, and Slowman’s subsequent assignment of a part of *the J same fund to the defendant, Jacobs, was a mere nullity ; and this, entirely independent of any effect to be given to the marriage settlement. The husband has never had possession ,of the money, and whether in the hands of the solicitor or the plaintiff, is still the wife’s chose in action.
The Chancellor states that the solicitor received the money as the agent of plaintiff. But it is supposed, in argument, that this may have been a mistaken impression. But all the circumstances of the case indicate that he did not act merely as the agent of the husband. He was the solicitor of the wife in the suit for recovering the legacy before the marriage, and when, after the marriage, the husband became a party to the suit, he continued the solicitor of husband and wife. As soon as he received the money, he advised the plaintiff of it, and, as it was agreed at the hearing, paid over the principal part of the fund. How is it possible to account for this, but by such an understanding as I have supposed ? The deed itself, however void it may be as a marriage settlement, and though we give it no greater effect than if it had been a mere verbal agreement in consideration of marriage, yet furnishes plenary evidence of the understanding and agreement of the parties, to assign the legacy to plaintiff. It shows that the solicitor received it for the plaintiff, and that he is the proper person to maintain the suit for it. It is possible that the money might have been recovered of the solicitor by a different proceeding. But the plaintiff is entitled to have the rights of his cestui que trust *391 declared, as against tbe husband and bis assignee, Jacobs. He comes here properly, to give effect to the assignment.
The Chancellor’s decree is therefore affirmed.
Chancellors De Saussure and Johnson, concurred.
Chancellor Johnston, dubitante.